# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JANUARY 1997 SESSION

FILED

April 17, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9602-CC-00068 |
| | ) | |
| vs. | ) | Blount County |
| | ) | |
| MICHAEL STAMM, | ) | Honorable D. Kelly Thomas, Judge |
| | ) | |
| Appellant. | ) | (Sentencing - Sale of Cocaine) |
| | ) | |

FOR THE APPELLANT:

NATALEE STAATS HURLEY
Asst. District Public Defender
419 High Street
Maryville, TN 37804

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General & Reporter

LISA A. NAYLOR
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

MICHAEL L. FLYNN
District Attorney General

PHILIP MORTON
Asst. District Attorney General
Blount County Courthouse
Maryville, TN 37801

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

## OPINION

Appellant, Michael Stamm, appeals the sentence imposed by the Circuit Court of Blount County following his guilty plea to sale of cocaine, a Class B felony. The court imposed a ten year sentence on appellant, a Range I offender, to be served in custody of the Tennessee Department of Corrections.[1] In imposing this sentence, the court relied on appellant's criminal history as an enhancing factor and the lack of a violent act and appellant's voluntary submission to drug rehabilitation following his apprehension as mitigating factors. In this direct appeal, appellant contends the trial court erred in sentencing him to serve time in custody of the Department of Corrections, rather than ordering an alternative sentence in the Community Corrections Program. On review of the record before us, we affirm the sentence imposed by the trial court.

In a three-count indictment, appellant was charged with possession of cocaine with intent to sell and deliver, sale of cocaine, and delivery of cocaine, all occurring on October 4, 1993 in violation of Tenn. Code Ann. § 39-17-417. Each of these three counts is a Class B felony. Appellant pleaded guilty to delivery of a controlled substance on March 31, 1994. This plea was accepted by the court, but Appellant later withdrew it based upon a mutual mistake of law between the district attorney and appellant's attorney that appellant was a Range II offender. Appellant thereafter entered a guilty plea on the sale of cocaine charge on August 31, 1995.

A sentencing hearing was held, at which appellant testified he was a 29-year-old custodial single parent of two children, ages 9 and 2-1/2.

---

[1]The trial court also ordered a $2,000 fine and $100 restitution. Appellant has raised no issue relative to the propriety of either amount.

Appellant further testified he had an "extensive" drug abuse problem dating back thirteen years. He testified he was employed as a painter earning $200 to $300 per week. Appellant acknowledged several previous felony convictions, including multiple forgeries and sales of marijuana and cocaine; however, he testified he committed these crimes to support his drug habit. Appellant expressed his wish to receive drug rehabilitation services and testified about his enrollment in a private, one week rehabilitation program following his apprehension on the present charges. He testified he had been unable to continue this private program after the first week due to lack of adequate health insurance coverage and had relapsed into drug use only two days after release from this program. Appellant further testified he had been evaluated and determined eligible for the Community Corrections Program. He admitted on cross examination he violated his probation for previous convictions on multiple occasions, failed to appear at an earlier sentencing hearing for the withdrawn guilty plea, and twice failed to assist in preparation of the presentence report by contacting the probation office.

The record reveals appellant had six previous Class E felony convictions, the accuracy of which were not contested by defense counsel at the sentencing hearing. Further, the state offered a certified copy of a five-count forgery conviction, which was received without objection. Neither party called Ms. Ridings, the Community Corrections official whom appellant testified evaluated him for the program, and no report regarding appellant's eligibility for Community Corrections was offered into evidence.

Appellant's issue for resolution by this court is whether the trial court erred in sentencing him to the Tennessee Department of Corrections rather

than to an alternative sentence under the Community Corrections Act, Tenn Code Ann. § 40-36-101 et seq. The parties have not taken issue with the length of the sentence imposed by the trial court. We presume from this silence neither party contends the trial judge's imposition of a ten-year sentence was inappropriate under the statutory scheme. See Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review.") Accordingly, we review the sentence only insofar as it mandates imprisonment rather than Community Corrections.

In determining whether the trial court has properly sentenced an individual, this court engages in a de novo review of the record with a presumption the trial court's determinations were correct. Tenn. Code Ann. § 40-35-401(d) (1990 repl.). The appellant has the burden of showing the sentence imposed is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Comm'n Comments (1990 repl.); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). With respect to review of issues pertaining to the Community Corrections Act, this court considers the sentencing considerations announced in Tenn. Code Ann. §§ 40-35-103 and 40-35-210, the eligibility criteria of the Community Corrections Act, Tenn. Code Ann. § 40-36-106, and the report of the entity administering the local Community Corrections Program. State v. Taylor, 744 S.W.2d 919, 920 (Tenn. Crim. App. 1987).

We begin our inquiry by noting appellant, as a Class B felon, is not presumed to be a favorable candidate for alternative sentencing under the 1989 Sentencing Act. See Tenn. Code Ann. § 40-35-102(6) (1990 repl.). Moreover, we note that not everyone convicted of a drug-related offense who meets the

4

minimum criteria for participation in Community Corrections is entitled to be sentenced under the Act. Taylor, 744 S.W.2d at 922.

Upon de novo consideration of all of the evidence preserved in the record, we do not find sufficient evidence to rebut the presumption that the trial court's sentence was appropriate on the facts of this case. Appellant has had many brushes with the law, which have resulted in numerous convictions. The record indicates appellant has never been incarcerated with the Department of Corrections and has received probation for at least some of these earlier convictions. The fact that appellant is before this court with yet another conviction is evidence of the failure of alternative sentencing to reform this individual's conduct to the bounds of the law. Appellant has had repeated opportunities to reform himself in an environment less restrictive than confinement, and he has chosen not to do so. See Tenn. Code Ann. § 40-35-103(1)(C) (1990 repl.). Moreover, in light of appellant's history of drug-related convictions, allowing him to receive an alternative sentence for this drug-related conviction depreciates the seriousness of the offense. See Tenn. Code Ann. § 40-35-103(1)(B) (1990 repl.).

Although not specifically stated as an issue for review, appellant's brief raises additional mitigating factors not cited by the trial judge at the sentencing hearing. Those factors are (1) appellant's conduct neither caused nor threatened serious bodily injury, (2) appellant acted under strong provocation, and (3) appellant was motivated by a desire to provide necessities for his family or himself. See Tenn. Code Ann. § 40-35-113(1),(2) and (7) (1990 repl.). Appellant did not specifically request application of these or any other mitigating factors at the sentencing hearing. Although appellant's counsel makes

5

inventive arguments that appellant's drug addiction created "strong provocation" and a belief that drugs were "necessities," we find neither mitigating factor applicable to this case. With respect to the other factor cited by appellant, that his conduct neither caused nor threatened serious bodily injury, the record is somewhat ambiguous as to the trial judge's actions in applying this factor;[2] however, we believe the trial judge did apply this factor in mitigation at sentencing. Assuming arguendo, appellant's interpretation of the record is correct, and further assuming this factor is appropriate for the case before us,[3] we find the application of this as an additional mitigating factor nevertheless fails to overcome the presumption of correctness of the sentence imposed by the trial judge.

Finally, we note the trial judge did not make any findings relative to two additional enhancement factors -- whether appellant had a history of unwillingness to comply with the conditions of a sentence involving release into the community and whether appellant committed the offense while on probation for a another felony conviction. See Tenn. Code Ann. § 40-35-114(8) and (13) (1990 repl.). On our de novo review, we find that these additional enhancement factors are applicable to the case at bar and further justify the sentence imposed by the trial court.

---

[2]At the time of sentencing, the trial judge found, "Enhancing factors is [sic] your record. A couple of small mitigation factors: One, there's not a violent act involved and the other, you did seek some voluntary treatment while all this was going on." (emphasis added). Appellant interprets the "lack of violence" factor to refer to appellant's past criminal history, not the instant conviction.

[3]This court has reached mixed results on the issue of whether lack of potential for serious bodily injury is an appropriate mitigating factor. See, e.g., State v. Billy Smith, No. 02C01-9112-CC-00278 (Tenn. Crim. App., Jackson, February 17, 1993); Ricky Elam v. State, No. 966, (Tenn. Crim. App., Knoxville, March 19, 1991); State v. Clyde Davis, No. 32, (Tenn. Crim. App., Knoxville, January 23, 1991).

Accordingly, we affirm the sentence of ten years to be served in custody of the Tennessee Department of Corrections.

_____
CURWOOD WITT, JUDGE

CONCUR:


_____
GARY R. WADE, JUDGE


_____
JOSEPH M. TIPTON, JUDGE