IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1997 SESSION

FILED

April 17, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9602-CC-00074 |
| Appellee, | * | SULLIVAN COUNTY |
| VS. | * | Hon. Frank L. Slaughter, Judge |
| DANIEL EDWARD RIFFEY, | * | (Seven Counts of Forgery) |
| Appellant. | * | |

For Appellant:                           For Appellee:

Leslie S. Hale                           Charles W. Burson
Assistant Public Defender                Attorney General & Reporter
P.O. Box 839
Blountville, TN  37617                   Sarah M. Branch
                                         Assistant Attorney General
                                         Criminal Justice Division
                                         450 James Robertson Parkway
                                         Nashville, TN  37243-0493

                                         Edward E. Wilson
                                         Asst. District Attorney General
                                         P.O. Box 526
                                         Blountville, TN  37617

OPINION FILED: _____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

The defendant, Daniel Edward Riffey, pled guilty to seven counts of forgery. See Tenn. Code Ann. § 39-14-114. After classifying the defendant as a Career Offender, the trial court imposed a sentence of six years for each count, all to be served concurrently to each other but consecutively to a prior ten-year sentence. The sole issue on appeal is whether the trial court erred by denying probation. We find no error and affirm the judgment of the trial court.

Two of the forgeries occurred in January of 1995, when the defendant altered the amount on his payroll check from Temporaries, Inc. In the first instance, he changed the amount from $219.68 to $319.68;[1] in the second, he changed the amount from $81.04 to $281.04. The other five forgeries occurred a few months later when the defendant intercepted an insurance check from Grange Mutual Insurance Company and altered the check to show himself as the payee. He then made copies of the altered check, passing forged checks for amounts of $283.00, $224.00, $184.00, $354.00, and $145.00. The defendant explained that he committed the last five forgeries because he had lost his job and needed to support his family.

The presentence report established that the defendant had fifty-one convictions for forgery in 1994, the offenses occurring throughout 1993. He received an effective sentence of ten years and was apparently on some form of release when he committed these seven offenses. Due to a birth defect, the defendant has only one arm. Twenty-nine years old at the time of sentencing, the defendant completed eleventh grade. His employment history is sporadic.

---

[1]The transcript of the guilty plea indicates the defendant changed the check from $219.68 to $319.68. The presentence report indicates the original amount of the check was $119.68.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must

3

be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a), (b).

Alternative sentencing issues must be determined by the facts and circumstances of the individual case. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). "[E]ach case must be bottomed upon its own facts." State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

Here, the defendant has obviously failed to overcome the presumptive correctness of the ruling in the trial court. See Tenn. Code Ann. § 40-35-401(d). His lengthy prior record fully warranted the denial of probation. See Tenn. Code Ann. § 40-35-103(1)(A). While the defendant is technically eligible for probation due to a sentence of less than eight years, there is no presumption that a Career Offender is a favorable candidate for probation. See Tenn. Code Ann. § 40-35-102(6). "[T]he burden of establishing suitability for probation rests with the defendant." Tenn. Code Ann. § 40-35-303(b). The defendant has failed to meet this burden.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
William M. Barker, Judge


_____
Curwood Witt, Judge