STATE of Tennessee, Appellee,

v.

Charles "Frog" TAYLOR, Appellant.

Court of Criminal Appeals of Tennessee,
at Jackson.

Dec. 2, 1987.

George Morton Googe, Jackson, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Robert Conley, Asst. Atty. Gen., Nashville, Jerry Woodall, Dist. Atty. Gen., Roger D. Moore, Asst. Dist. Atty. Gen., Jackson, for appellee.

## OPINION

JONES, Judge.

The defendant, Charles "Frog" Taylor, entered pleas of guilty to the offenses of aiding and abetting the sale or delivery of cocaine for which he received a sentence of four (4) years in the Department of Correction, and aiding and abetting the sale or delivery of marijuana for which he received a sentence of three (3) years in the Department of Correction. The defendant was found to be a mitigated offender, and both sentences fall within Range I. See T.C.A. § 40–35–108.

The defendant applied for sentencing pursuant to the Tennessee Community Cor-

rections Act of 1985. See T.C.A. §§ 40–36–101, et seq. The trial court denied the defendant's application and sentenced him to the Department of Correction as hereinabove set forth. In this Court the defendant contends the trial court should have sentenced him in conformity with the Act in lieu of incarceration in a state penal institution, local workhouse, or a jail facility.

The first issue which we must address is the nature of appellate review of issues pertaining to the Community Corrections Act. Counsel for the defendant argues in his brief that this Court is to review such issues *de novo*. The assistant attorney general did not address this issue either in his brief or at oral argument. The Act itself does not address the issue of appellate review.

█ The Tennessee Criminal Sentencing Reform Act of 1982 and the Tennessee Community Corrections Act of 1985 are in *pari materia*. See *State v. Moss*, 727 S.W. 2d 229, 236 (Tenn.1986). Also, the Tennessee General Assembly created the *de novo* review standard, T.C.A. § 40–35–402(d), and the Community Corrections Act during the 1985 extraordinary session, which was convened for the purpose of addressing the pressing issues of overcrowding in our prisons. See Tenn. Acts (1985 1st E.S.) Ch. 5, § 31 and Ch. 3, § 18. A review of the Community Corrections Act reveals it does nothing more than provide an alternative form of punishment. Thus, we are of the opinion that this Court must review issues concerning the Community Corrections Act *de novo* pursuant to T.C.A. § 40–35–402(d).

█ In conducting a *de novo* review of a sentence this Court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the pre-sentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancing factors, (g) any statements made by the accused in his own behalf, and

(h) the accused's potential or lack of potential for rehabilitation or treatment. See T.C.A. §§ 40–35–103 and 210; *State v. Moss*, supra. Where, as here, a defendant contends he should have been sentenced pursuant to the Community Corrections Act, this Court must also consider the eligibility criteria of the Act, T.C.A. § 40–36–106(a) as well as the report of the entity administering the Community Corrections Act in the particular county.

The defendant is thirty-six (36) years of age, married, and the father of three (3) children. He has no prior record of criminal conduct. He graduated from high school and possesses average intelligence. His reading skills are on the level of a fourth grader.

At an early age the defendant sustained a serious injury to his head. As a result of the injury, the defendant suffers from a psychotic illness; and he has been treated for this illness for approximately ten (10) years. In 1985 he was hospitalized due to this illness. The defendant is required to take medication daily, a shot every two weeks, and treatment at a local counseling center. Due to the medication he must take for his illness, he cannot tolerate long periods of exposure to sunlight or he will develop photosensitive reaction, a burning of the skin.

The defendant has been unemployed since the onset of the psychotic symptoms. He receives disability benefits. His prospects for employment are poor due to his illness and the lack of vocational training.

The defendant purchased approximately three and one-half (3.5) grams of cocaine for a T.B.I. agent, who sought and located the defendant and provided him with the money to make the purchase. On another occasion the defendant sold less than one ounce of marijuana. Again, the agent through an intermediary approached the defendant at his home for the purpose of making this purchase.

The investigation conducted by an employee of the Madison County Community

Corrections Center revealed the defendant was not a professional drug dealer. Apparently the defendant was used by his brother and others, who were apparently involved in an organized drug operation. The assistant district attorney general advised the trial court that the defendant had "mental problems" and, as a result, "he was fairly susceptible to the other folks."

The defendant was sentenced as an especially mitigated offender pursuant to a plea bargain agreement. Obviously the State thought the defendant's involvement was minuscule compared to the remaining defendants or it would not have agreed to such a bargain. A defendant can only be sentenced as an especially mitigated offender when (a) he has no prior felony convictions, (b) he has no prior misdemeanor sentence of six (6) months or more, and (c) the trial court finds extreme mitigating factors in the commission of the offense and a minimum of enhancement factors. T.C.A. § 40–35–108(b). In announcing the plea bargain agreement the assistant district attorney general told the trial court: "Mr. Taylor's lack of a prior record as well as ... his mental problems in that ... he was fairly susceptible to the other folks."

The State did not offer any evidence at the sentencing hearing. Nor did the assistant district attorney general offer any legitimate reason why the defendant should not be sentenced pursuant to the Community Corrections Act. At the conclusion of his opening comments the assistant district attorney general, apparently voicing the position of his office, stated: "We don't feel like the Community Corrections Program is the proper program for folks who sell or help sell cocaine."

At the conclusion of the hearing the trial court denied the application. The trial court commented that "Mr. Taylor was mixed up in this to a great extent." We have reviewed the record transmitted to this Court and we are unable to find any admissible or credible evidence to support this finding. The trial court predicated its comments upon the rank hearsay reports prepared by agents of the Tennessee Bureau of Investigation. The trial court should not have considered these reports, and this Court will not consider these reports in its *de novo* review.

The rules of evidence apply to sentencing hearings. T.C.A. § 40–35–209(b). An exception is made for the introduction of reliable hearsay. T.C.A. § 40–35–209(b). However, before "reliable hearsay" may be admitted as evidence, two conditions must be met. First, the opposing party must be afforded a fair opportunity to rebut any hearsay admitted in evidence. T.C.A. § 40–35–209(b). Second, an indicia of reliability must be present to satisfy the due process requirement. T.C.A. § 40–35–209(b); *State v. Jimmy Joe Sappington*, Shelby County No. 128, C.C.A. at Jackson, September 1985 Session, opinion filed October 16, 1985; *State v. Timothy Whittenburg*, Van Buren County No. 86–189–III, C.C.A. at Nashville, January 1987 Session, opinion filed March 12, 1987 [Available on WESTLAW, 1987 WL 7696]. In the case *sub judice* neither condition was met. Furthermore, the trial court, not a party, had the reports marked and filed as an exhibit on its own motion; and these reports were not properly introduced into evidence. The reports were not admissible through the only witness who testified at the sentencing hearing.

The State concedes in its brief that the defendant was eligible for sentencing pursuant to the Community Corrections Act. An individual who commits a drug related offense is eligible for sentencing pursuant to the Act. T.C.A. § 40–36–106(a)(2). And the defendant in the case *sub judice* would have to be confined in a correctional institution but for this option. T.C.A. § 40–36–106(a)(1). While the court could have suspended the sentence for aiding and abetting the sale or delivery of marijuana, the defendant was not eligible for probation for aiding and abetting the sale or delivery of cocaine, a Schedule II narcotic. T.C.A. § 40–21–101.

We are of the opinion the defendant should have been sentenced pursuant to

the Community Corrections Act. Such a sentence would certainly help reduce the prison population, a goal of the Act. T.C.A. § 40–36–104(4). Furthermore, the defendant has demonstrated special need, namely, the treatment of his mental illness. T.C.A. §§ 40–36–104(5) and 40–36–106(c). We, like those who have treated the defendant for his illness over a period of ten (10) years, feel that his special need for treatment can best be administered in Madison County rather than a penal institution. T.C.A. § 40–36–106(c). In addition, sentencing pursuant to the Act would permit the defendant to receive some form of vocational training to enhance his skills, increase his opportunity for employment, and, thus, permit him to become a contributing member of society. T.C.A. § 40–36–104(5).

Sentencing the defendant pursuant to the Community Corrections Act comports with the purposes as well as the sentencing considerations of the Tennessee Sentencing Reform Act of 1982. We are of the view that such a sentence is the least severe measure necessary to achieve the purpose for which the sentence is being imposed. T.C.A. § 40–35–103(4). Also, we feel there is a strong likelihood that the defendant will successfully complete the program as well as rehabilitate himself in the process. T.C.A. § 40–35–103(5). As the Supreme Court said in *State v. Moss,* supra: "The policy expressed [by the Tennessee Criminal Sentencing Reform Act] is that the punishment imposed should fit the crime as well as the individual." 725 S.W.2d at 235.

The program created by the Madison Community Corrections Center coupled with the control given the trial judge assures the imposition of a sentence that the defendant deserves in relation to the seriousness of his offense. T.C.A. § 40–35–102(1). Such a sentence also encourages the rehabilitation of the defendant because it elicits the defendant's voluntary cooperation and participation. T.C.A. § 40–35–102(3)(C).

Our opinion today should not be construed to mean that every person convicted of a drug-related offense, or any other offense, who meets the minimum criteria of the Community Corrections Act, is entitled, as a matter of right, to be sentenced pursuant to the Act. While the trial courts are encouraged to sentence worthy individuals pursuant to the provisions of the Community Corrections Act, it must be remembered that these issues, like every sentencing issue, must be determined by the facts and circumstances presented in each individual case. *State v. Moss,* supra. In other words, each case must be bottomed upon its own facts. In *State v. Moss,* supra, the Supreme Court said:

> Although the purposes of sentencing are based on general principles, the Act can only be applied in an individual case to a particular person based upon the facts of that case and the circumstances of the defendant.
>
> \*    \*    \*    \*    \*    \*
>
> ... Any case-by-case approach will embody discretion, since all of the appropriate facts and circumstances must be weighed and considered as a whole for the disposition of each case.... 727 S.W.2d at 235.

The convictions of the defendant are affirmed. However, we vacate the sentences imposed by the trial court and remand this cause for the entry of an order sentencing the defendant pursuant to the Tennessee Community Corrections Act, and the implementation of the proposed program outlined in the Madison County Community Corrections Supervision Plan and Report. Upon remand the trial court will set the duration of the sentence, as provided by T.C.A. § 40–36–106(e)(2); and the court may within its discretion review the proposed program and impose such additional terms and conditions that it may deem appropriate, T.C.A. § 40–36–106(e)(1), which are not inconsistent with the Community Corrections Act or the Tennessee Criminal Sentencing Reform Act.

DAUGHTREY and BIRCH, JJ., concur.