# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JULY SESSION, 1997

**FILED**

September 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 03C01-9610-CR-00368** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **MORGAN COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. ROBERT W. WEDEMEYER** |
| **GLEN JUSTES,** | **)** | **JUDGE (By Interchange)** |
| | **)** | |
| Appellant. | **)** | (Sentencing) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF MORGAN COUNTY

FOR THE APPELLANT:

ANDREW N. HALL
P.O. Box 345
Wartburg, TN 37887

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

CHARLES E. HAWK
District Attorney General

ROGER DELP
Assistant District Attorney General
P.O. Box 703
Kingston, TN 37763

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

This is an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Upon his plea of guilty, the Defendant was convicted of the Class C felony offense of theft of property over the value of ten thousand ($10,000) dollars.[1] The trial judge sentenced the Defendant to four years in the Department of Correction, with the sentence to be served on probation except for 120 days to be served during weekends in the local jail. The judge also ordered restitution in the amount of thirty-thousand dollars ($30,000), to be paid in monthly installments. It is from the sentence imposed by the trial court that the Defendant appeals. We affirm the judgment of the trial court.

During the course of his employment with a bail bonding company, the Defendant stole a considerable amount of money from his employer. He apparently would post bail bonds, collect the fee from the customer and not remit to his employer the amount due. It appears that he either would not report posting the bond at all or he would not report the full amount of the fee collected from the customer. The illegal activity occurred during a substantial portion of the ten years that he worked for the bonding company.

In this appeal, the Defendant complains of the length of his sentence, the fact that he was denied full probation, and the amount the trial judge ordered as restitution.

---

[1]Tenn. Code Ann. §§ 39-14-103,-105.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principals set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for

alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation, shall be given first priority regarding sentences involving incarceration." Tenn. Code Ann. § 40-35-102(5). Thus, a defendant sentenced to eight years or less who is not an offender for whom incarceration is a priority is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. However, the act does not provide that all offenders who meet the criteria are entitled to such relief; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103(3) - (4). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the sentence alternative. Tenn. Code Ann. § 40-35-103(5).

In determining whether to grant probation, the judge must consider the nature and circumstances of the offense, the defendant's criminal record, his background and social history, his present condition, including his physical and mental condition, the deterrent effect on other criminal activity, and the likelihood that probation is in the best interests of both the public and the defendant. Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974). The burden is on the Defendant to

show that the sentence he received is improper and that he is entitled to probation. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The presentence report reflects that the Defendant was forty-four years old, married and had four children. Although he had not completed high school, he had received his GED. Both the Defendant and his wife had rather significant health problems. The Defendant had worked for the bail bonding company for about ten years but at the time of sentencing was not employed. The Defendant's wife was employed as a waitress. The Defendant had no significant criminal history.

The owner of the bail bond company testified that he thought the total amount taken by the Defendant was over sixty-eight thousand dollars ($68,000). In fact, at one point the Defendant had signed a promissory note in the amount of thirty-five thousand seven hundred eighty-eight dollars ($35,788) representing money he had taken from the bonding company. Subsequent thereto, the Defendant had signed another promissory note for fifty-one thousand four hundred forty dollars ($51,440), which included the amount of the first note and some additional money that he had supposedly taken. The Defendant testified that he signed these notes only because his employer asked him to and because he hoped that by signing them he could avoid prosecution. The Defendant testified that he began taking the money from the company because he needed money for his family. He also stated that he posted a number of bonds for friends and acquaintances without collecting any fee and that this was a portion of the amount which had been computed by his employer.

The Defendant first argues that the trial judge erred by enhancing his sentence to four years rather than sentencing him to the minimum sentence of three years. The State argues that the Defendant's plea agreement called for a sentence of four years, with the manner of service of the sentence being left to the trial court. The State thus argues that the issue of the length of the sentence has been waived by the plea agreement. The petition requesting the trial judge to accept the guilty plea does provide for a recommended sentence of four years to be served as a Range I standard offender, with all other sentencing issues to be reserved for decision by the trial court. We therefore agree with the State that the issue concerning the length of the sentence has been waived and is not reviewable on appeal. See Dixon v. State, 934 S.W.2d 69, 73 (Tenn. Crim. App. 1996). We also note that this record would support the imposition of a four-year sentence.

Because the Defendant was a standard offender convicted of a Class C felony, he was presumed to be a favorable candidate for an alternative sentencing option. The trial judge gave the Defendant the benefit of this presumption, sentencing him to periodic confinement in conjunction with a term of probation. Tenn. Code Ann. § 40-35-104(c)(4) (Supp. 1996). The Defendant seeks the more favorable alternative of total probation. Tenn. Code Ann. § 40-35-104(c)(3). As we have stated, the Defendant has the burden of establishing suitability for full probation, even though he is entitled to the statutory presumption of alternative sentencing. See State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995). There is no "bright line rule" for determining when a Defendant is entitled to full probation. Id. at 456. A trial judge is vested with a great deal of discretion on the issue of probation. Factors to be considered are

-6-

whether probation will serve the ends of justice and the best interest of both the public and the Defendant, the nature and circumstances of the crime, the Defendant's potential for rehabilitation, whether full probation would unduly depreciate the seriousness of the offense, and whether full probation would serve the need to provide an effective deterrent. See Bingham, 910 S.W.2d at 456.

In denying the Defendant total probation, the trial judge told the Defendant that he did not think the Defendant "really appreciated how wrong what you've done is." The trial judge questioned whether the Defendant felt any remorse. The judge also expressed his opinion that total probation would depreciate the seriousness of the offense. The judge had noted that the theft of this substantial amount of money took place over an extended period of time and violated the private trust which the Defendant's employer had placed in the Defendant. Trial judges are traditionally vested with broad discretionary powers in sentencing matters. From this record, we cannot conclude that the trial judge erred or abused his discretion in denying this Defendant full probation.

The Defendant also complains of the amount set as restitution. In determining the amount of restitution, the trial judge heard estimates ranging from the Defendant's suggestion of five thousand dollars ($5,000) to the victim's testimony of sixty-eight thousand four hundred fifteen dollars ($68,415). The victim presented promissory notes signed by the Defendant totaling fifty-one thousand four hundred forty dollars ($51,440). The trial judge noted that the figure of thirty thousand dollars ($30,000) was somewhat arbitrary but "anything less than that, I think would be not believable." The judge set minimum payments of seventy-five dollars ($75) a month for twelve months, one hundred fifty dollars

($150) a month for twelve months, and three hundred dollars ($300) a month thereafter. The judge acknowledged that if the Defendant made only the minimum payments the full amount would not be totally paid during the four-year probationary period, but the court obviously realized the Defendant's ability to pay more was very limited.

This court has held that on appeal our review of the amount of restitution and the manner in which it was computed shall be conducted de novo on the record with a presumption that the determination made by the trial court is correct. State v. Rex Blankenship, C.C.A. No. 02C01-9507-CC-00195, Madison County (Tenn. Crim. App., Jackson, Jan. 31, 1996); State v. Frank Stewart, C.C.A. No. 01-C-01-9007-CC-00161, Maury County (Tenn. Crim. App., Nashville, Jan. 31, 1991). There is substantial evidence in this record to support the finding of the trial judge. We cannot conclude that the trial judge erred or abused his discretion in setting restitution.

For the reasons stated in this opinion, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
THOMAS T. WOODALL, JUDGE


_____
JOHN K. BYERS, SENIOR JUDGE