# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MARCH 1998 SESSION

FILED

June 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| Appellee, | ) | **C.C.A. NO. 03C01-9705-CR-00196** |
| | ) | |
| VS. | ) | **SULLIVAN COUNTY** |
| | ) | |
| **SCOTTY L. HAYCRAFT,** | ) | **HON. PHYLLIS H. MILLER, JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**GERALD L. GULLEY, JR.**
P.O. Box 1708
Knoxville, TN 37901
    (On Appeal)

**LESLIE HALE**
Asst. Public Defender
P. O. Box 839
Blountville, TN 37617
    (At Trial)

**JOHN KNOX WALKUP**
Attorney General & Reporter

**TIMOTHY F. BEHAN**
Asst. Attorney General
425 Fifth Ave., North
Cordell Hull Bldg., Second Fl.
Nashville, TN  37243-0493

**H. GREELEY WELLS, JR.**
District Attorney General

**ROBERT H. MONTGOMERY**
Asst. District Attorney General
P.O. Box 526
Blountville, TN 37617

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

# OPINION

In July 1996, the Sullivan County grand jury indicted the defendant on one count of violating the Motor Vehicle Habitual Offenders Act.[1]  He pled guilty and was sentenced as a Range III persistent offender and was ordered to serve five years in the Tennessee Department of Correction.  In this appeal, the defendant argues that the trial court erred when it denied his request to be placed on Community Corrections.  After a review of the record and applicable law, we find no error and affirm the judgment of the court below.

When a defendant complains of his/her sentence, we must conduct a de novo review with a presumption of correctness.  T.C.A. § 40-35-401(d).  The burden of showing that the sentence is improper is upon the appealing party.  T.C.A. § 40-35-401(d) Sentencing Commission Comments.  This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The Community Corrections Act of 1985 establishes a community based alternative to incarceration for certain offenders and sets out the minimum eligibility requirements.  T.C.A. §§ 40-36-101 through -306.  This Act does not provide that all offenders who meet the standards are entitled to such relief.  State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

The purpose of the Tennessee Community Corrections Act of 1985 is to

---

[1] T.C.A. § 55-10-616.

establish a policy to punish selected, nonviolent felony offenders through community-based alternatives to incarceration. The goals of the Community Corrections Act include the following: maintaining safe and efficient community correctional programs, promoting accountability of offenders to their local community, filling gaps in the local correctional system through the development of a range of sanctions and services, reducing the number of nonviolent felony offenders in correctional institutions and jails, and providing "opportunities for offenders demonstrating special needs to receive services which enhance their ability to provide for their families and become contributing members of their community . . . ." T.C.A. § 40-36-104(1)-(5).

Before one is entitled to community corrections, he or she must be eligible pursuant to T.C.A. § 40-36-106(a). Mere eligibility, of course, does not end the inquiry. We must also look to the Criminal Sentencing Reform Act of 1989. Under this Act, trial judges are encouraged to use alternatives to incarceration. T.C.A. § 40-35-102(6) states that "a defendant who does not fall within the parameters of subdivision (5) and who is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Militating against alternative sentencing are the following considerations:

> Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant...

T.C.A. §40-35-103(1)(A)-(C). See also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

3

In sentencing the defendant, the trial court noted that as a Range III persistent offender, the defendant is not presumed to be a favorable candidate for an alternative sentence. In denying the defendant's request for Community Corrections, the trial judge pointed to the defendant's previous history of criminal convictions and the defendant's previous history of unwillingness to comply with the conditions of a sentence involving release in the community. The record certainly supports these findings. The defendant has a criminal record dating from 1984. He has been convicted of numerous crimes including burglary, arson, robbery, forgery, passing bad checks, larceny, assault, and theft. In addition, he has been convicted of numerous traffic offenses including multiple convictions for driving on a revoked license and one conviction for driving while under the influence. He has been given alternative sentences in the past and has failed to comply with the requirements. Past sentences of probation have had to be revoked.

The defendant argues that he should have been granted Community Corrections so that he could receive treatment for his problems with alcoholism. However, after looking at the defendant's record, which included only one alcohol related offense, the trial judge stated, "I find that you do not have a drug or alcohol problem, just from your criminal history. You just have a problem of obeying the law."

The record clearly supports the trial court's denial of Community Corrections. The defendant's lengthy criminal history and his failure to rehabilitate despite being given numerous opportunities to do so are sufficient reasons to deny the defendant's request. Thus, the judgment of the court below is affirmed.

_____
JOHN H. PEAY, Judge

4

CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
CORNELIA A. CLARK, Special Judge