# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### NOVEMBER SESSION, 1998

FILED

February 18, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9710-CC-00436 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | BLOUNT COUNTY |
| VS. | ) | |
| | ) | HON. D. KELLY THOMAS, JR. |
| JIMMY LEE NOAH, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF BLOUNT COUNTY

FOR THE APPELLANT:

MACK GARNER
Public Defender

GERALD L. GULLEY, JR.
P.O. Box 1708
Knoxville, TN 37901-1708

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TODD R. KELLEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

MIKE FLYNN
District Attorney General

PHILIP MORTON
Assistant District Attorney General
363 Court Street
Maryville, TN 37804

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Jimmy Lee Noah, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. He was convicted, upon his pleas of guilty, of driving on a revoked license, reckless driving, reckless endangerment, and felony evading arrest.[1] The agreed sentences for the two Class E felonies were two years as a Range I standard offender. The agreed sentences for the Class B misdemeanors were six months. All sentences were to be served concurrently. The manner of service of the sentences was left to the discretion of the trial judge. The judge ordered that the felony sentences be served in the Department of Correction, with the misdemeanor jail sentences to be served concurrently. The Defendant appeals from the trial judge's order that the sentences be served in confinement. We affirm the judgment of the trial court.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is ?conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

---

[1] Tenn. Code Ann. §§ 55-50-504; 55-10-205; 39-13-103; 39-16-603(b).

When conducting a <u>de novo</u> review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. <u>State v. Smith</u>, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987); Tenn. Code Ann. §§ 40-35-102, -103, -210.

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration." <u>Id.</u> § 40-35-102(5). Thus, a defendant sentenced to eight years or less who is not an offender for whom incarceration is a priority is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. However, the act does not provide that all offenders who meet the criteria are entitled to such relief; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. <u>See</u> <u>State v. Taylor</u>, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing <u>State v. Moss</u>, 727 S.W.2d 229, 235 (Tenn. 1986)).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103(3)-(4). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the sentence alternative. Id. § 40-35-103(5).

About 1:30 one morning, a Blount County deputy sheriff observed a vehicle, driven by the Defendant, cross the center line a couple of times and noted that the vehicle was not properly displaying a license plate. The deputy initiated a stop of the vehicle but the driver refused to stop. A lengthy pursuit followed, during which two other law enforcement vehicles eventually joined the pursuit. At some point the Defendant stopped the vehicle and attempted to flee on foot. The officers were able to catch and tackle the Defendant, and the charges which led to his guilty pleas followed.

The presentence report reflects that at the time of sentencing the Defendant was thirty-one years old, single, and employed as a concrete finisher. He testified that he completed the eleventh grade. The Defendant has a rather lengthy history of criminal conduct spanning a ten-year period. His convictions include possession of marijuana, two DUIs, three convictions for driving on a revoked license, and two felony habitual traffic offender convictions in Georgia. He had violated probation in Georgia and subsequently had served time in the Georgia penitentiary. In addition, while he was out on bond awaiting disposition of the charges in the case sub judice, he was again arrested for driving on a revoked license and was convicted of that offense in the Blount County General

-4-

Sessions Court. He was sentenced to ten days in jail and six months probation for that offense.

The Defendant testified that on the morning in question, when the officers turned on their blue lights, "it scared me and I run." He testified that he fled from the officers because he was afraid of being shot or beaten. He never gave a rational or reasonable explanation of why he was afraid of being shot or beaten by the Blount County deputy sheriffs who pursued him. He admitted that at the time the officers attempted to stop him, he had been drinking and smoking marijuana. He admitted that he had been a regular user of marijuana on a daily basis for several years, but he stated he had recently quit. A drug screen administered in conjunction with the preparation of the presentence report was negative. He testified that he stopped smoking marijuana at the time he was arrested for the charges discussed herein.

At the conclusion of the sentencing hearing, the trial judge stated that he was denying any sentence alternative to confinement because of the Defendant's lengthy criminal record, his decision to continue driving on a revoked license even after being charged in these cases, the circumstances surrounding the offense, and the Defendant's lengthy history of marijuana use. The judge specifically found that the Defendant failed to demonstrate any potential for rehabilitation.

In this appeal, the Defendant asks this Court to reverse the judgment of the trial court and remand this case for an alternative sentence such as split confinement, work release, or full probation. We decline to do so. Trial judges are traditionally vested with broad discretionary authority in sentencing matters.

Based on the Defendant's lengthy criminal record for offenses similar to these, the failure of less restrictive measures and past attempts at rehabilitation, and the Defendant's continued disregard for the laws of this state, we are unable to conclude that the trial judge erred or abused his discretion by ordering that the Defendant's sentences be served in confinement.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:


_____
JAMES CURWOOD WITT, JR., JUDGE


_____
L.T. LAFFERTY, SENIOR JUDGE