# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
July 2000 Session

## STATE OF TENNESSEE v. DAK J. MANYAL

**Appeal from the Criminal Court for Shelby County**
**No. 99-00180     W. Fred Axley, Judge**

---

### No. W1999-00909-CCA-R3-CD - Decided August 28, 2000

---

Pursuant to a negotiated plea agreement, the Defendant was convicted of attempted aggravated sexual battery and was sentenced to serve four years in the Shelby County Correction Center. He appeals from the trial court's denial of his request to serve the balance of his sentence on probation. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal; Judgment of the Criminal Court Affirmed.

DAVID H. WELLES, J., delivered the opinion of the court, in which ALAN E. GLENN, J. and CORNELIA A. Clark, Sp. J., joined.

A.C. Wharton, Public Defender, Memphis, Tennessee; Sherrye J. Brown, Assistant Public Defender, Memphis, Tennessee, for the appellant, Dak Manyal.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; William Gibbons, District Attorney General; Julie Mosley, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant was indicted for aggravated sexual battery arising from an assault he perpetrated against a ten-year-old female victim. The facts, as gleaned from the Defendant's guilty plea and sentencing hearings, are that the victim was "skipping" down a sidewalk toward her apartment when she passed the Defendant, who was standing approximately two doors down from the victim's apartment. As the victim passed by the Defendant, he reached out and grabbed her private parts, touching the area of her vagina, with his hand over the victim's shorts. The victim immediately reported this to her sister, who called the police. Shortly thereafter, officers arrested the Defendant, who was identified by the victim as being the person who had assaulted her.

Pursuant to a negotiated plea agreement, the Defendant pleaded guilty to the lesser included offense of attempted aggravated sexual battery, a Class C felony, in exchange for an agreed sentence

of four years to be served in the Shelby County Correction Center. At the time of the Defendant's guilty plea, he had served approximately one year in pretrial detention. The Defendant requested that the balance of his four-year sentence be suspended and that he be allowed to serve the sentence on probation. After conducting a hearing, the trial court denied his request for probation. It is from the order of the trial court denying probation that the Defendant appeals.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is ?conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988); Tenn. Code Ann. §§ 40-35-102, -103, -210.

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration." Id. § 40-35-102(5). Thus, a defendant sentenced to eight years or less who is not an offender for whom incarceration is a priority is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. However, the act does not provide that all offenders who meet the criteria are entitled to such relief; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986)).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103 (2), (4). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the sentence alternative. Id. § 40-35-103(5).

The presentence report reflects that the Defendant is approximately fifty years old and is married, although separated from his wife. He has one son who lives with the Defendant's wife in Salt Lake City, Utah. The Defendant immigrated to the United States from Africa in 1994. He

reported that he attended school through the fourth grade while living in his homeland of Sudan. The Defendant has been employed as a "fish cutter" for seafood companies in Memphis. He speaks little English and was able to communicate through an interpreter at his guilty plea proceeding and at the hearing on his request for a suspended sentence.

The Defendant's prior record consists of two convictions for driving while under the influence of an intoxicant, one conviction for assault, one conviction for resisting arrest and one conviction for vandalism. All convictions occurred during 1998. He had apparently served approximately twenty days for the DUI convictions, thirty days for the assault and the resisting arrest convictions, and sixty days for the vandalism conviction. It appears that his probation for the DUI convictions was revoked at the time he was convicted for assault and resisting arrest.

In denying the Defendant's request for a suspended sentence, the trial judge stated that he had considered the Defendant's history of alcohol related offenses and other violations of the law along with the nature and circumstances of the offense. The court also noted that even though the Defendant stated that he was sorry that this crime occurred, he also stated that he did not recall assaulting the child, even though he stated that he was sober on the date it happened. Although the Defendant may have had some problems in communicating through his interpreter, it appears that he was less than totally candid in his responses to the questions asked.

The Defendant argues that the trial court improperly and inappropriately considered "the Sudanese community's feelings about the Defendant, but on the other hand, made no allowances for the Defendant's personal history and cultural background in determining the appropriateness of alternative sentencing for him." We do not believe that the Defendant's argument has merit. Trial judges are traditionally vested with broad discretionary authority in sentencing matters. Based on the Defendant's previous criminal record, the failure of less restrictive measures in the past, and the Defendant's continued disregard for the laws of this state, we are unable to conclude that the trial judge erred or abused his discretion by denying the Defendant's request that his sentence be served on probation.

The judgment of the trial court is accordingly affirmed.

_____
DAVID H. WELLES, JUDGE