IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 13, 2000

## STATE OF TENNESSEE v. DAVID PRYOR GILLIARD

**Appeal from the Circuit Court for Montgomery County**
**No. 40280      John H. Gasaway, III, Judge**

---

**No. M1999-00771-CCA-R3-CD - Filed April 6, 2001**

---

A Montgomery County jury convicted Defendant, David Pryor Gilliard, of theft of property under $500 in value, and burglary of an automobile. As a result of these convictions, the trial court found the Defendant was in violation of a previously imposed four-year Community Corrections sentence. Following a sentencing hearing, the trial court sentenced Defendant as a Range II multiple offender to four (4) years for the burglary and eleven (11) months and twenty-nine (29) days for the theft with the sentences to run concurrently. The trial court also ordered that the theft and burglary sentences run consecutively to Defendant's Community Corrections violation, for an effective sentence of eight years. Defendant appeals as of right and challenges the length and manner of service of his sentence. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal As Of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Michael R. Jones, District Public Defender; and Collier W. Goodlett, Assistant Public Defender, for the appellant, David Pryor Gilliard.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Helen Young, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. BACKGROUND**

The indictments in this case charged:

**COUNT 1:**

> That on the 6th day of August, 1998. . . .the said DAVID PRYOR GILLIARD . . . unlawfully, feloniously and knowingly did enter the 1984 Pontiac Trans-Am of Brittney Perkins, without her effective consent, with intent to commit theft, in violation of TCA 39-14-402. . . .

**COUNT 2:**

> . . . .the said DAVID PRYOR GILLIARD . . . .unlawfully and knowingly did obtain or exercise control over property, to wit: Pioneer DEH-225 AM/FM CD player, under the value of $500.00, being the property of Brittney Perkins, without effective consent, with intent to deprive the said victim thereof, in violation of 39-14-103 and against the peace and dignity of the State of Tennessee.

On August 16, 1999, a jury convicted the Defendant for burglary of an automobile, a Class E felony, and theft of property under $500 in value, a Class A misdemeanor. The presentence report showed that the Defendant had been arrested twenty-six times, placed on pretrial diversion for four related offenses and convicted of two misdemeanors and four felonies, all involving some form of theft or burglary, including aggravated burglary.

At the sentencing hearing, the Defendant testified that he was a twenty-one-year old father of a two-year-old daughter. The Defendant admitted to the many charges and violations of probation, but stated that the 314 days he had currently served in jail, as a result of the instant offenses, had taught him a lesson. The Defendant stated that he was prepared to be responsible and stay out of trouble. Defendant also stated that his parents were willing to support him and help him comply with any sentence involving release in the community.

## II. SENTENCING

### A. Enhancement Factors

In his first issue, Defendant argues that the trial court erred in applying enhancing factors which were not applicable to his case. Specifically, Defendant challenges the trial court's application of enhancement factors (1), (2) and (8) of Tenn. Code Ann. § 40-35-114.

When a defendant challenges the length, range or manner of service of a sentence, the reviewing court must conduct a de novo review on the record with a presumption that the determinations made by the trial court were correct. Tenn. Code Ann. § 40-35-401(d). We condition the presumption of correctness "upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823

S.W.2d 166, 169 (Tenn. 1991). "[T]he trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence." State v. Jones, 883 S.W.2d 597, 599-600 (Tenn. 1994). The burden of showing that a sentence is improper is on the appealing party. Tenn. Code Ann. § 40-35-401(d) (sentencing commission comments). In reviewing the record, this court must consider (a) the evidence at the trial and the sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel, (e) the nature and characteristics of the offenses, and (f) the appellant's potential for rehabilitation. See Tenn. Code Ann. § 40-35-210; see also Tenn. Code Ann. § 40-35-102 & 103.

The trial court found the following four statutory enhancement factors applicable to the Defendant's case:

(1)     The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

(2)     The Defendant was a leader in the commission of an offense involving two (2) or more criminal actors;

(8)     The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and

(13)(E) The felony was committed while on any of the following forms of release if such release is from a prior felony: [a]ny other type of release status into the community under the direct or indirect supervision of the department of correction or local government authority.

Tenn. Code Ann. § 40-35-114 (1997). The Defendant does not challenge the application of enhancing factor (13)(E).

Where one or more enhancement factors apply but no mitigating factors exist, the trial court may sentence above the presumptive sentence but still within the range. See Tenn. Code Ann. § 40-35-210(d). Where both enhancement and mitigating factors apply to a Class E felony, the trial court must start at the minimum sentence in the range, enhance the sentence within the range as appropriate to the enhancement factors and then reduce the sentence within the range as appropriate to the mitigating factors. Tenn. Code Ann. § 40-35-210(e). The weight afforded an enhancement or mitigating factor is left to the discretion of the trial court if the trial court complies with the purposes and principles of the Tennessee Criminal Sentencing Reform Act of 1989 and the record supports its findings. State v. Hayes, 899 S.W.2d 175, 185 (Tenn. Crim. App. 1995). Here, the trial court complied with the sentencing statutes and our review is with a presumption of correctness.

We find that the trial court properly applied enhancement factor (1), a previous history of criminal convictions or criminal behavior. The presentence report revealed a history of prior criminal convictions in addition to those necessary to establish the range. In order to classify a defendant as a Range II, multiple offender, the defendant must have a "minimum of two (2) but not

more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes." Tenn. Code Ann. § 40-35-106(a)(1) (1997). At the sentencing hearing, the Defendant admitted to four prior felony convictions, which were relevant to establishing his range. The record indicates that the Defendant had one Class C felony conviction for aggravated burglary, two Class D felony convictions for burglary (not of a habitation) and one Class E felony conviction for burglary of an automobile. Since the sentencing was for a Class E felony, any two of the felony convictions were sufficient to establish Defendant's Range II status, leaving two felony convictions and two misdemeanors to enhance Defendant's sentence. Thus, the trial court properly applied enhancement factor (1).

The Defendant further claims that, because he was not the leader in the commission of these offenses, enhancement factor (2) was misapplied. In response, the State argues that the Defendant has waived this issue, for failing to include the trial transcript in the appellate record. We agree. It is the Defendant's responsibility to include a complete record on appeal. Tenn. R. App. P. 24(b); State v. Boling, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992). Without a complete record regarding the facts necessary to assess whether factor (2) was properly applied, we presume that the trial court was correct in its ruling. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (holding that a trial court's ruling is presumed correct in the absence of an adequate record on appeal).

In addition, we note that the record provided to this Court contains a transcript of the sentencing hearing. At the sentencing hearing, the prosecutor submitted that there were four actors involved in the burglary and theft and that it was the Defendant's idea to break into the car; he also picked the car and mustered assistance from two juveniles and his co-defendant. Therefore, the State argued that Defendant's participation was sufficient to establish his role as a leader in the commission of these crimes. The trial court accepted this reasoning and properly applied enhancement factor (2).

The Defendant argues that factor (8), a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, should not apply because his prior record was already considered in the determination of his offender status, i.e., the appropriate range for sentencing. However, the record does not reflect that this factor was used to classify Defendant as a Range II offender. The only reference to Defendant's Range II status is the following colloquy between the trial court, the prosecutor and the attorney for the Defendant:

Ms. Young [Prosecutor]: We have filed a range notice in this matter, Your Honor, filed with the court on June 29th, alleging he is a range two offender. And with those different offense dates I think that satisfies the proof on that matter.

Mr. Goodlett [Defense Counsel]: It does. We don't dispute that.

4

The Court:     So, you are in agreement that he is a range two?

Mr. Goodlett: Yes, sir.

Furthermore, the record clearly supports the application of factor (8). At the sentencing hearing, Defendant admitted that on February 5, 1997, he had been placed on two years of pretrial diversion for burglary. While on pretrial diversion, Defendant was convicted of misdemeanor theft, a clear violation of his pretrial diversion, and sentenced to a suspended sentence of 11 months and 29 days on probation.   The presentence report indicates that, in May of 1998, Defendant was convicted of Class C, D and E felony burglaries, and was found in violation of the probation imposed in his misdemeanor theft conviction. As a result, the Montgomery County Circuit Court sentenced the Defendant to an effective sentence of four years Community Corrections for the burglaries, and ordered the Defendant to serve his eleven months and twenty-nine days sentence for the misdemeanor theft conviction concurrent with the four-year sentence. Thus, the record shows Defendant's failure to comply with the conditions of sentences involving release into the community. The trial court properly applied enhancement factor (8) to Defendant's case.

## B. Alternative Sentencing

The Defendant challenges the trial court's denial of alternative sentencing. Specifically, Defendant argues that the trial court erred in ordering him to serve his entire four-year sentence in the Tennessee Department of Correction. We find that the Defendant has waived this issue by failing to cite any authority in support of his arguments.   Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure requires a defendant to present citations to the authorities he relies on for his arguments in his brief. When a defendant fails to cite any authority in support his position the issue is waived. See Tenn. R. App. P. 27(a)(7); Tenn. R. Crim. P. 10(b); see also, State v. Chance, 778 S.W.2d 457, 462 (Tenn. Crim. App. 1989); State v. Killebrew, 760 S.W.2d 228, 231 (Tenn. Crim. App. 1988). However, despite Defendant's waiver of this issue, we choose to address it.

A defendant who meets the criteria of Tenn. Code Ann. § 40-35-102(5) (1997) and who is an especially mitigated or standard offender of a Class C, D, or E felony is "presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to contrary." Tenn. Code Ann. § 40-35-102(6). "Evidence to the contrary", may include proof that confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses, or evidence that confinement is required to avoid depreciating the seriousness of the offense. State v. Davis, 940 S.W.2d 558, 560 (Tenn. 1997); Tenn. Code Ann. § 40-35-103(1)(B) (1997). Thus, in the face of sufficient evidence, the presumption favoring alternative sentencing may be rebutted. Further, defendants satisfying the criteria are not automatically entitled to alternative sentencing. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Trial courts must examine the facts and circumstances of the case to determine whether alternative sentencing is appropriate. Id.

The Defendant, a Range II multiple offender, does not meet the criteria necessary to enjoy the presumption in favor of alternative sentencing for the Class E felony involved in this case. See

Tenn. Code Ann. § 40-35-102(6) (1997). Moreover, the Defendant is not entitled to alternative sentencing, based on the sentencing consideration listed in Tenn. Code Ann. § 40-35-103 (1)(A) - (C) (1997). The Defendant's long history of criminal conduct involving theft and burglary makes his confinement necessary, in order to protect society from further criminal acts by the Defendant. See Tenn. Code Ann. § 40-35-103 (1)(A). Also, despite the Defendant's contention, we find that his previous inability to comply with a Community Corrections sentence and pretrial diversion supports the trial court's determination that alternative sentencing was inappropriate, and that the sentence imposed was the "least severe measure necessary to achieve the purposes for which the sentence is imposed." See Tenn. Code Ann. § 40-35-103 (1)(C) & (5).

### C. Consecutive Sentencing

Next, the Defendant states, as an issue in his brief, that the trial court erred in ordering him to serve the sentences consecutively to his prior sentences. As with the alternative sentencing issue, we note that Defendant's failure to present an argument or cite any authority concerning this issue, constitutes a waiver of the issue. Tenn. R. App. P. 27(a)(7); Tenn. R. Crim. P. 10(b).

Furthermore, we find that the facts of this case support the imposition of consecutive sentencing. A trial court has the discretion to impose consecutive sentences upon a determination that one or more of the criteria in Tenn. Code Ann. 40-35-115 (b) exist. In the case at bar, the trial court relied upon Tenn. Code Ann. § 40-35-115 (b)(2) (the defendant is an offender whose record of criminal activity is extensive) and (b)(6) (the defendant is sentenced for an offense committed while on probation) to order consecutive sentencing. In its brief, the State concedes that the trial court's consideration of Tenn. Code Ann. § 40-35-115(b)(6), as a basis for imposing consecutive sentencing, was inappropriate. However, the State contends that Defendant's extensive criminal history provides a sufficient basis for upholding the trial court's order of consecutive sentencing. We basically agree with the State's argument. We note the record is somewhat unclear as to whether the Defendant was on probation or community corrections for the prior misdemeanor theft conviction; the record is clear, however, that he was serving the felony sentences on community corrections.

At the sentencing hearing, the trial court stated that it was applying Tenn. Code Ann. § 40-35-115(b)(6) because the Defendant was on probation at the time he committed these offenses. However, the record also indicates that the Defendant was on community corrections for the burglary convictions. In State v. Pettus, 986 S.W.2d 540, 545 (Tenn. 1999), our supreme court held that a community corrections sentence is not equivalent to a sentence of probation. Here, the record shows that the Defendant was placed on probation for eleven months and twenty-nine days for a misdemeanor theft conviction. The Defendant violated this probation when he committed the previously discussed felony burglaries, to which he pled guilty. As a result of these burglary convictions, the record suggests that the Defendant was ordered to participate in a community corrections program, not only for the burglary convictions, but also as a condition to his previous probation for the misdemeanor convictions.

6

However, a trial court need only find the existence of one of the criteria listed in Tenn. Code Ann. § 50-35-115(b). In the case <u>sub judice</u>, the Defendant has an extensive criminal record which dates back only to 1996. The Defendant's criminal activity includes three burglary convictions, one aggravated burglary conviction and two misdemeanor theft convictions. Therefore, we find that the Defendant's record of criminal activity is extensive and we affirm the imposition of consecutive sentencing based upon Tenn. Code Ann. § 40-35-115(b)(2).

### III. CONCLUSION

In conclusion, we find that the trial court properly applied enhancement factors (1), (2) and (8). We also find that consecutive sentencing was appropriate because the Defendant's criminal activity was extensive. We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE