IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 22, 2009

## STATE OF TENNESSEE v. JAMES EARL PINCHON, JR.

**Direct Appeal from the Circuit Court for Coffee County**
**No. 36,298F      Charles Lee, Judge**

---

**No. M2008-01513-CCA-R3-CD - Filed May 19, 2009**

---

In 2008, the Defendant pled guilty to introduction of contraband into a penal institution, and the trial court sentenced him to serve four years and nine months in the Tennessee Department of Correction. The Defendant now appeals his sentence claiming that the trial court erroneously denied his request for alternative sentencing. After a thorough review of the record and the applicable law, we conclude that the trial court properly sentenced the Defendant.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Kevin R. Askren, Tullahoma, Tennessee, for the Appellant, James Earl Pinchon, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Sophia S. Lee, Assistant Attorney General; C. Michael Layne, District Attorney General, Jason M. Ponder, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I. Facts
### A. Background

According to the presentence report entered into evidence at the Defendant's sentencing hearing, on December 17, 2007, Officer Dustin Mansfield conducted a contraband search in the Coffee County Jail, and he smelled marijuana when he entered a bathroom. He asked the three inmates in the bathroom about the smell, and the Defendant handed Officer Mansfield a marijuana cigarette. The Defendant was charged with introduction of contraband into a penal facility, and he pled guilty to that offense on June 6, 2008.

### B.  Sentencing Hearing

At the Defendant's sentencing hearing, the following evidence was presented: Tabitha London, the Defendant's fiancee, testified that she had been involved with the Defendant for six years and that they had three children together. The children were ages four, three, and sixteen months. London planned to marry the Defendant upon his release. The last time the Defendant was released, he moved in with her, and he began working within five days of his release. London stated that the Defendant worked regularly for Smith's Janitorial service, which was owned by the pastor of her church, and the Defendant also took care of their children. She also informed the court that she had seen a "dramatic change" in the Defendant since he was last released, and she explained that the Defendant gave his "life over to God" in that period. London testified that if the Defendant was given an alternative sentence he could work and help support their children, which she needed him to do because she did not receive any government assistance.

The Defendant testified that he would like to be on probation so he could work to support his three children with London and his six additional children with other women. He said he knew he could return to his janitorial job at the church upon release, and he stated that he even would not "mind" a second or third job as well. The Defendant then testified at some length about the various errors in the presentence report about his prior criminal records. He did not dispute most of the offenses listed, and he acknowledged that his probation had been revoked twice. Additionally, the Defendant clarified that he had never been involved in gang activity. Speaking about the offense of introducing contraband into a penal institution, the Defendant apologized for the offense, and he explained that he was under a lot of stress because he found out that one of his daughters had a tumor, so he was trying to relax himself.

On cross-examination, the Defendant acknowledged that, because of his frequent incarcerations, his family paid the child support he owed.

After hearing the evidence presented, the trial court sentenced the Defendant to serve four years and nine months in the Tennessee Department of Correction. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Petitioner claims that the trial court erroneously denied his request for alternative sentencing.

When a defendant challenges the length, range or manner of service of a sentence, this Court must conduct a *de novo* review of the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d) (2006). As the Sentencing Commission Comments to this section note, the burden is now on the appealing party to show that the sentencing is improper. T.C.A. § 40-35-401, Sentencing Comm'n Cmts. This means that if the trial court followed the statutory sentencing procedure, made findings of facts which are adequately supported in the record, and gave due consideration and proper weight to the

factors and principles relevant to sentencing under the 1989 Sentencing Act, T.C.A. § 40-35-103 (2006), we may not disturb the sentence even if we would have preferred a different result. *State v. Ross*, 49 S.W.3d 833, 847 (Tenn. 2001). The presumption does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court which are predicated upon uncontroverted facts. *State v. Dean*, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); *State v. Butler*, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); *State v. Smith*, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994). Specific to the review of the trial court's finding enhancement and mitigating factors, "the 2005 amendments deleted as grounds for appeal a claim that the trial court did not weigh properly the enhancement and mitigating factors." *State v. Carter*, 254 S.W.3d 335, 344 (Tenn. 2008). The Tennessee Supreme Court continued, "An appellate court is therefore bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Id.* at 346.

In conducting a de novo review of a sentence, we must consider: (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing, (4) the nature and characteristics of the offense, (5) any mitigating or enhancement factors, (6) the information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statements made by the defendant on his or her own behalf. *See* T.C.A. § 40-35-210 (2006); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

A defendant not within "the parameters of subdivision (5) [of T.C.A. § 40-35-102], and who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (citing T.C.A.§ 40-35-102(6) (2006)) (footnote omitted). To be sure, a "favorable status consideration" does not correlate to a presumption of such a status. *Id.* As with other sentencing issues, whether a defendant receives alternative sentencing will depend on the facts of the case. *State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Additionally, we note that a trial court is "not bound" by the advisory sentencing guidelines; rather, it "shall *consider*" them. T.C.A.§ 40-35-102(6) (emphasis added).

If a defendant seeks probation, then that defendant bears the burden of "establishing [his] suitability." T.C.A. § 40-35-303(b) (2006). As the Sentencing Commission points out, "even though probation must be automatically considered as a sentencing option for eligible defendants, the defendant is not automatically entitled to probation as a matter of law." T.C.A. § 40-35-303 (2006), Sentencing Comm'n Cmts.

When sentencing the defendant to confinement, a trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely

3

to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103 (2006).

The Defendant was convicted of a Class C felony, and he is a Range I, standard offender. A standard offender may be sentenced to between three and six years for a Class C felony. T.C.A. § 40-35-112 (2006).

When sentencing the Defendant, the trial court, while stating which enhancement factors it found applicable to the Defendant's case, mentioned that the Defendant had two prior probation revocations. The Court then explained why it denied the Defendant alternative sentencing:

> The Court does not consider alternative sentencing in this matter to be appropriate as the defendant has both frequently and on numerous occasions in the past had applied to him measures less restrictive than incarceration unsuccessfully, and for those reasons, the Court does not consider the defendant to be amenable to rehabilitation.

We conclude that the trial court properly denied the Defendant alternative sentencing. The Defendant was convicted of a Class C felony, which makes him a favorable candidate for alternative sentence. *See* T.C.A. § 40-35-102(6); *see also Carter*, 254 S.W.3d at 347. However, as the trial court found, measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the Defendant. *See* T.C.A. § 40-35-103(1). The Defendant has violated his probation twice. That is sufficient to deny the Defendant alternative sentencing. We conclude the trial court properly denied the Defendant alternative sentencing, and the Defendant is not entitled to relief on this issue.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the trial court properly sentenced the Defendant to a period of incarceration. Accordingly, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

4