IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1999 SESSION

FILED

October 20, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9810-CR-00359 |
| | ) | |
| | ) | Sullivan County |
| v. | ) | |
| | ) | Honorable Phyllis H. Miller, Judge |
| | ) | |
| WILLIAM R. BEGLEY, III, | ) | (One count of possession of marijuana; |
| | ) | eight counts of theft of property less than |
| | ) | $500; fifteen counts of vandalism of property |
| | ) | valued over $500) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Leslie Hale
Assistant Public Defender
Post Office Box 889
Blountville, TN 37617
(AT TRIAL)


Larry S. Weddington
200 Seventh Street
Bristol, TN 37620
(ON APPEAL)

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
          and
Marvin S. Blair, Jr.
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

# O P I N I O N

The defendant, William R. Begley, III, was convicted in the Sullivan County Criminal Court upon his no contest pleas to one count of possession of marijuana, a Class A misdemeanor; eight counts of theft of property less than five hundred dollars, a Class A misdemeanor; and fifteen counts of vandalism of property valued over five hundred dollars, a Class E felony. He received an effective sentence of six years in the Department of Correction as a Range I, standard offender. In this appeal as of right, the defendant contends that he should have received a community corrections sentence. We affirm the sentence imposed by the trial court.

The trial court imposed an effective six-year sentence and subsequently held a sentencing hearing to determine the manner of service. At the hearing, Burton Smith, the defendant's great-grandfather, testified that the defendant had been living with him and helping him following Mr. Smith's eye surgery.

The defendant testified that following his release on bond for the present offenses, he was convicted for speeding and having an improper exhaust system. He said he was also convicted of the assault and battery of his pregnant girlfriend, for which he had attended four abuse alternative classes. He testified that he had been expelled from high school and had not obtained his GED. He stated that during the time in which his probation report was being prepared for the hearing, he used marijuana. He testified that he did not think he could pass a drug screen at the time of the hearing and that he has a problem turning down marijuana. He said that he had received alcohol counseling and was willing to undergo drug counseling.

The defendant testified that he was involved in an earlier assault that occurred because his father forced him into a fight. He testified that he has a child by

his wife, from whom he is separated, and was expecting another child by his girlfriend. He stated that he had not paid child support because he could not locate his wife or the child. He testified that he performed concrete work for three weeks through a temporary agency. He said he was fired because his probation appointments made him late for work. He testified that he had not worked in one and one-half months because he had been taking care of his grandfather. He stated that he had been offered a job the weekend before the hearing. Upon the foregoing proof, the trial court ordered the defendant to serve his sentence in the custody of the Department of Correction.

The defendant contends that the trial court erred by not allowing him to serve his sentence in community corrections. He argues that he is a good candidate for rehabilitation and that the trial court essentially punished him for having a drug problem. The state contends that the trial court properly ordered the defendant to serve his sentence in confinement. We agree.

Appellate review of sentencing is <u>de novo</u> on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). As the Sentencing Commission Comments to this section note, the burden is now on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial

3

court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. T.C.A. § 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1995).

Also, in conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229 (Tenn. 1986).

The defendant is presumed to be a favorable candidate for alternative sentencing options. See Tenn. Code Ann. § 40-35-102(6). However, eligibility for alternative sentencing options does not equate to entitlement. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). In the present case, the trial court stated that the defendant

> has a criminal history demonstrating a clear disregard for the laws, and morals of society. [He has] a social history demonstrating a clear disregard for the laws and morals of society. [He has] a criminal history demonstrating a failure of past efforts at rehabilitation.

The trial court also stated that the defendant had received treatment, had been previously sentenced to split confinement, and had been given full probation numerous times, all without success. We believe that the trial court's findings justify its denial of

4

community corrections and its imposition of a sentence of confinement under Tenn. Code Ann. § 40-35-103(1), (5).

In consideration of the foregoing and the record as a whole, we affirm the judgment of conviction.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
John Everett Williams, Judge

_____
Alan E. Glenn, Judge