IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 4, 2003

## STATE OF TENNESSEE v. CLINT RAY MCCOY

**Direct Appeal from the Circuit Court for Henry County**
**No. 13231     Julian P. Guinn, Judge**

---

**No. W2002-01017-CCA-R3-CD  - Filed May 23, 2003**

---

The Defendant, Clint Ray McCoy, pled guilty to twelve counts of theft: one Class C felony, nine Class D felonies, one Class E felony, and one Class A misdemeanor.  Sentencing was left to the discretion of the trial court.  The trial court ordered the Defendant to serve an effective sentence of eight years, with one year to be served in confinement and the balance to be served in the Community Corrections program.  In this direct appeal, the Defendant argues that the trial court erred by enhancing his sentences and by ordering him to serve one year in confinement.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Victoria L. DiBonaventura, Paris, Tennessee, for the appellant, Clint Ray Moody.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 16, 2002, the Defendant pled guilty to twelve counts of theft.  The thefts occurred between March 1999 and March 2001, while the Defendant was employed as the general manger of a Hampton Inn in Paris.  During that time, the Defendant stole $110,004.42 from Hampton Inn.  The Defendant described his modus operandi in the presentence report:

> While employed at the Hampton Inn in Paris, I used the company credit card for my personal use and took cash. . . . .  During my employment on different accounts…I received "payments" to clear the accounts to a zero balance.  I know this is not a

correct accounting procedure but I had no accounting training and did not know how else to clear up these accounts. I do admit my guilt and do not deny doing wrong.

In making its sentencing determination, the trial court applied as an enhancement factor that the Defendant abused a position of public or private trust. See Tenn. Code Ann. § 40-35-114(16) (Supp. 2002). The court found no mitigating factors.

The Defendant was convicted of one Class C felony, nine Class D felonies, one Class E felony, and one Class A misdemeanor. He was sentenced as a standard, Range I offender. The sentencing range for a standard offender convicted of a Class C felony is from three to six years. See Tenn. Code Ann. § 40-35-112(a)(3). In sentencing the Defendant, the trial court began with the minimum sentence, three years, which it enhanced by one year based upon the abuse of public or private trust, resulting in a sentence of four years for the Class C felony conviction. A Range I sentence for a Class D felony is from two to four years. See id. § 40-35-112(a)(4). Again, the trial court began with the minimum sentence, two years, which it enhanced by two years, resulting in a sentence of four years for each of the Defendant's nine Class D felony convictions. The sentencing range for a standard offender convicted of a Class E felony is from one to two years. See id. § 40-35-112(a)(5). The court began at the minimum sentence, one year, which it enhanced by one year, resulting in a sentence of two years for the Defendant's Class E felony conviction. The sentence for a Class A misdemeanor is not to exceed eleven months and twenty-nine days, see id. § 40-35-111(e)(1), and this is the sentence the trial court ordered the Defendant to serve.

The trial court ordered partial consecutive sentences, resulting in an effective sentence of eight years. The trial court ordered the sentence to be split with the Defendant serving the first year in confinement, with the balance of the sentence to be served in the Community Corrections program. The Defendant argues that the trial court erred in its application of the enhancement factor and by ordering him to serve the first year of his sentence in confinement.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

-2-

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

First, the Defendant challenges the enhancement of his sentences based on his abuse of a position of public or private trust. Tennessee Code Annotated section 40-35-114(16) states,

> If appropriate for the offense, enhancement factors, if not themselves essential elements of the offense as charged in the indictment, may include:
> …
> [t]he defendant abused a position of public or private trust, or used a special skill in a manner that significantly facilitated the commission or the fulfillment of the offense.

See Tenn. Code Ann. § 40-35-114(16) (Supp. 2002).

The Defendant does not argue that the application of the public/private trust enhancement factor was improper under our sentencing laws. Rather, he points to the case of Sonya D. Herndon,[1] an allegedly similar case in which the public or private trust enhancement factor was not applied. First of all, we note that the Defendant failed to provide a citation to this case in his brief, and we were unable to locate it. Although the Defendant attached several documents apparently pertaining to Ms. Herndon's case, including the indictment charging her with forgery, her guilty plea, and the order of the trial court placing her on probation, there is no record of the facts in her case, the trial court's rationale for fully probating her sentence, or any discussion of the application of the public/private trust enhancement factor.

While our sentencing act encourages the elimination of disparate sentences when appropriate to ensure "fair and consistent treatment of all defendants by eliminating unjustified disparity in sentencing," Tenn. Code Ann. § 40-35-102(2), differences in sentences are appropriate where they relate to differences in the offender or in culpability. See State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). Each case must be considered on its own merits and depends on its own unique set of facts. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). In this case, the Defendant abused his position as a general manger of a hotel by stealing over $100,000 from his employer. The Defendant has failed to show that the application of the public/private trust enhancement factor to his sentences was improper, and this issue is, therefore, without merit.

---

[1] The documents attached to the Defendant's brief pertaining to the case against Ms. Herndon state her name as Sonia D. Hendon.

Next, the Defendant argues that the trial court erred by ordering him to serve the first year of his sentence in confinement. A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6); State v. Lane, 3 S.W.3d 456, 462 (Tenn. 1999). Guidance regarding what constitutes "evidence to the contrary" which would rebut the presumption of alternative sentencing can be found in Tennessee Code Annotated section 40-35-103(1), which sets forth the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

See State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000); State v. Ashby, 823 S.W.2d 166, 170 (Tenn. 1991).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the appropriate sentence. See id. § 40-35-103(5).

Again, the basis of the Defendant's challenge to the trial court's sentencing decision is that Sonya Herndon received a fully probated sentence. For the reasons stated above, this argument must fail.

In ordering the Defendant to serve the first year of his sentence in confinement, the trial court stated, "I am of the opinion that confinement is necessary to protect the public, that it's necessary to avoid depreciating the seriousness of this offense." The court also stated, "I've considered the deterrent effect, although it's not weighed heavily." Either of these considerations may be sufficient to warrant a period of confinement. The record reveals that the Defendant stole $110,004.42 from his employer while he was serving as the general manager. The thefts occurred over a rather substantial length of time demonstrating that this was not an isolated event, but rather one that involved a sustained intent to commit the criminal acts. In our opinion, the trial judge acted within his discretionary authority when he ordered one year to be served in confinement. This issue is without merit.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE