# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### October 7, 2003 Session

## STATE OF TENNESSEE v. WILLIAM EDWARD CRICK

**Direct Appeal from the Circuit Court for Henry County**
**No. 13383      Julian P. Guinn, Judge**

---

### No. W2003-00146-CCA-R3-CD  - Filed December 18, 2003

---

The defendant appeals from the trial court's denial of an alternative sentence.  The defendant pled guilty to a Class E felony, possession of a Schedule VI controlled substance with intent to manufacture, deliver, or sell.  The trial court denied the defendant's request for an alternative sentence and imposed a two-year sentence in the special needs facility of the Tennessee Department of Correction.  We affirm the sentence imposed by the trial court, but remand for correction of the judgment to reflect a guilty plea rather than a jury verdict.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded for Entry of Corrected Judgment

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Jim L. Fields, Paris, Tennessee, for the appellant, William Edward Crick.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; G. Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, William Edward Crick, entered an open plea of guilty to Possession of Schedule VI controlled substance with intent to manufacture, deliver, or sell (a Class E felony), with the length and manner of service to be determined by the trial court.  The defendant timely appeals, contending the trial court erred in denying him an alternative sentence.  We affirm the sentence imposed by the trial court, but remand for correction of the judgment to reflect a guilty plea rather than a jury verdict.

**Facts**

The Assistant District Attorney General stated the facts that made up the defendant's charge, as follows:

> As to indictment 13383 on the 6th day of May 2002 Thomas Tharpe in the 24th Judicial District issued a search warrant at Mr. Crick's residence here in Paris, Henry County, Tennessee where they found 400 grams of plant material subsequently described as marijuana, found other material, scales intending to manufacture, deliver or sell. This represents the facts which underlie the circumstances in this case.

At the sentencing hearing, the State and the defendant stipulated that the defendant was a Range I, standard offender.[1] The State recommended a maximum period of 100 days of incarceration. The defendant introduced as an exhibit a list of physicians treating the defendant and a copy of the defendant's current medications. The presentence report was acknowledged as correct, and no corrections or additions were offered.

The defendant testified, but the content was very limited. The defendant requested the trial court to take into consideration the need for him to sit with his mother, at least when his younger sister runs errands. The defendant acknowledged he had smoked marijuana since 1970. The trial court's findings are as follows:

> The minimum sentence in this case is a term of one year. There are grounds to enhance under the provisions of 40-35-114, Subparagraph 1 and Subparagraph 8. In particular, there are seven prior instances of where this man has been entrusted on some form of release and committed a crime while out.
>
> This Court does enhance by a term of one year. There are no grounds to mitigate. You are sentenced to a term of 2 years and designated a Range I standard offender.
>
> This Court must consider alternative means of service and finds it to be inappropriate in this case for the following reasons: the circumstances of this offense, this man's criminal record, the physical and mental condition of this Defendant. He's been using as a crutch his health as long as I've known him and a study of his record reveals he uses that to escape incarceration at every stage. Maybe if he had been jailed when he was 10, years younger we might have avoided this today. Suspension or alternative means of service would not be in the best interest of justice nor the best interest of the public and it would not be in the best interest of this Defendant. I've considered the deterrent effect, I am of the opinion that confinement is necessary to

---

[1] The defendant's prior record reveals that he is a Range II, multiple offender.

avoid deprecating the seriousness of the offense and that measures less restrictive have frequently been applied to this man, all unsuccessfully.

The law says he can stand on his present bond. You need to make an entry on his judgment that when he's committed he should be committed to the special needs facility.

The defendant timely appeals, contending the trial court erred in denying him an alternative sentence.

## Analysis

An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). However, this presumption is not available to a defendant who commits the most severe offenses, has a criminal history showing clear disregard for the laws and morals of society, and has failed past efforts at rehabilitation . Id. § 40-35-102(5); State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001). The court should also examine the defendant's potential for rehabilitation or lack thereof when considering whether alternative sentencing is appropriate. Tenn. Code Ann. § 40-35-103(5). Sentencing issues must be decided in light of the unique facts and circumstances of each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

It is clear from the record that the trial court considered the sentencing principles and all relevant facts and circumstances, and, therefore, our review is *de novo* with a presumption of correctness. The two major reasons found by the trial court to deny an alternative sentence is clear in this record. The defendant, at age 47, has an extensive criminal record. Beginning at age 24, the defendant was convicted of simple assault, possession of a weapon with the intent to go armed, and driving while intoxicated, all misdemeanors. At age 25, he was convicted of felony selling drugs (Methaqualine) and received a four-year sentence. From age 41 to the present, the defendant has been convicted of nine misdemeanors and one felony Schedule II drug charge. Perhaps the most revealing fact that an alternative sentence would not result in the successful rehabilitation of this defendant is that seven of the prior offenses committed by the defendant were committed while on bond or suspended sentence status.

**Conclusion**

Accordingly, we affirm the sentence imposed by the trial court. However, we remand to the trial court for correction of the judgment to reflect the entry of a plea of guilty by this defendant, not a jury verdict.

_____
JOHN EVERETT WILLIAMS, JUDGE