IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2003

## STATE OF TENNESSEE v. RICHARD EUGENE THOMPSON

**Appeal from the Circuit Court for Hardeman County**
**No. 6674    Jon Kerry Blackwood, Judge**

---

### No. W2002-02696-CCA-R3-CD - Filed January 13, 2004

---

The defendant, Richard Eugene Thompson, appeals the lower court's failure to grant alternative sentencing following his guilty plea to vehicular assault. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Karen T. Fleet, Bolivar, Tennessee (at trial); and Mark L. Agee and Jason C. Scott, Trenton, Tennessee (at trial and on appeal), for the Appellant, Richard Eugene Thompson.

Paul G. Summers, Attorney General & Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Joe Van Dyke, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The defendant was indicted for vehicular assault in connection with a February 18, 2001 motor vehicle accident. *See* Tenn. Code Ann. § 39-13-106(a), (b) (2003) (person commits the Class D felony of vehicular assault who, "as the proximate result of the person's intoxication . . . recklessly causes serious bodily injury to another person by the operation of a motor vehicle"). The indictment alleged that serious bodily injury was sustained by the victim, Chad Lawson. The transcript of the plea submission hearing reveals that on February 18, 2001, the defendant disregarded a stop sign, resulting in his vehicle colliding with that of the victim. At the time of the accident, the defendant's blood alcohol level was .18 percent. The victim's injuries required surgeries and physical therapy. The defendant pleaded guilty to vehicular assault and submitted the sentencing determination to the trial court.

At the combined plea submission and sentencing hearing, defense counsel stated on the record various factors that supported a probationary sentence. The 37-year-old defendant was

a high school graduate and had attained some college credits. He owned and operated a trucking firm. On February 18, 2001, he was driving while intoxicated as a result of a pending divorce; however, he since has begun attending Alcoholics Anonymous and has been sober since May 2001. While on probation in Shelby County for a prior offense, he fulfilled the terms of probation.

The state opposed an alternative sentence, citing the defendant's prior criminal record. As reflected in the presentence report, the defendant had been convicted of a fourth offense DUI on June 12, 2001. This conviction was preceded by DUI convictions in 1983, 1984, 1985, 1986 (two), and 1993. In addition, the defendant had garnered convictions of assault, disorderly conduct, resisting arrest, driving on a revoked license (two), and public intoxication. He had garnered six traffic-offense convictions, including two convictions of motor vehicle habitual offending.

The trial court found that the defendant had a prior history of "criminal convictions or behavior and an unwillingness to comply with the release in the community, and that his offense was committed while he was on probation." The court sentenced the defendant to 30 months' incarceration in the Department of Correction as a Range I, standard offender and ordered the defendant to pay approximately $16,000 in restitution.

Following the imposition of sentence, the defendant moved for a reduction or correction of his sentence. *See* Tenn. R. Crim. P. 35(b). The defendant testified at the Rule 35 motion hearing that he was divorced, resided with his mother, and had custody of his asthmatic daughter, to whom he administers breathing treatments every four hours. The defendant testified that in the wreck he fractured three vertebrae and several ribs, suffered a shoulder subluxation, and injured his knees. He testified that the current offense and the Shelby County DUI occurred amidst the turmoil of the break-up of his family. He testified that he remained under treatment and medication for bipolar disorder. He owned a fifteen-truck transportation terminal, although the defendant no longer drove himself. He testified that a stint of several months in confinement would destroy his business. He testified that his daughter's medical expenses were $400 per month, which he was required to pay out-of-pocket. On cross-examination, the defendant acknowledged that he was an alcoholic, that he had previously been involved in alcohol-related motor vehicle accidents, and that he had failed to pay any of the court-ordered $100-per-month installments on restitution in the present offense. Based upon the transcript of the Rule 35 motion as it appears in the appellate record, the trial court apparently denied the motion, except that the judge indicated his willingness for the defendant to serve his sentence in the county jail. The record contains no order disposing of the Rule 35 motion. The defendant now claims that the trial court should have granted some form of alternative sentencing. We disagree.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the

appellant." *Id.* In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo. Id.* If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In making its sentencing determination, the trial court, at the "conclusion of the sentencing hearing" and after determining the range of sentence and the specific sentence, then determines the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), -35-103(5) (2003); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2003). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation, shall be given first priority regarding sentences involving incarceration." *Id.* § 40-35-102(5) (2003). Thus, a defendant who meets the above criteria, as does the defendant now before us, is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. However, the Act does not provide that all offenders who meet the criteria are entitled to such relief; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

As noted, the defendant, a Range I offender, enjoyed the presumption of favorable candidacy for alternative sentencing for his Class D felony. *See* Tenn. Code Ann. § 40-35-102(6) (2003). Moreover, he was eligible for probation. *See id.* § 40-35-306(2) (2003). The record in this case, however, demonstrates that the presumption of favorable candidacy was soundly rebutted by the defendant's extensive history of lawless behavior, particularly as regards alcohol-related traffic offenses. *See id.* § 40-35-103(1)(A), (C) (2003) (confinement may be based on necessity to "protect society by restraining a defendant who has a long history of criminal conduct" and to whom "measures less restrictive than confinement have . . . recently been applied unsuccessfully"). Given the defendant's history of alcohol-related offenses involving a motor vehicle and his having committed the current offense while on probation on an October 17, 2000 assault conviction, a sentence less than confinement would depreciate the seriousness of the current offense, in which the victim was seriously injured. *See id.* § 40-35-103(1)(B) (2003). Moreover, given the evidence of the defendant's repeated prior offending and his commission of the current offense while on probation, the trial court was warranted in rejecting all forms of alternative sentencing short of total confinement. For these reasons, we discern no error in the trial court's judgment.

We affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE