IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 14, 2004

## STATE OF TENNESSEE v. JOHNNY ROYSTON, JR.

**Appeal from the Criminal Court for Sullivan County**
**No. S47,306     R. Jerry Beck, Judge**

---

**No. E2004-01001-CCA-R3-CD - Filed January 31, 2005**

---

Aggrieved of the trial court's denial of alternative sentencing for his convictions of aggravated assault and coercion of a witness, the defendant, Johnny Royston, Jr., appeals. Because the record supports the trial court's judgments, we affirm.

**Tenn. R. App. P. 3; Judgments of the Criminal Court are Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J. and ALAN E. GLENN, J., joined.

Nat Thomas, Kingsport, Tennessee, for the Appellant, Johnny Royston, Jr.

Paul G. Summers, Attorney General & Reporter; Michelle Chapman McIntire, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and James F. Goodwin, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The defendant submitted guilty pleas on charges of aggravated assault and coercion of a witness to the Sullivan County Criminal Court on April 12, 2004. By the terms of the plea agreement, the defendant and the state agreed to a Range I, three-year sentence for the aggravated assault count, a Class C felony, *see* Tenn. Code Ann. § 39-13-102 (2003), and to a concurrent Range I, two-year sentence for the coercion of a witness count, a Class D felony, *see id.* § 39-16-507. The plea agreement called for the trial court to determine the manner of service of the effective three-year sentence. The trial court ordered the sentences to be served in the Department of Correction. The defendant now appeals and claims that the trial court erred in denying probation or some other form of alternative sentencing.

The transcript of the plea submission hearing reveals that the conviction offenses emanated from the defendant accosting the victim, Mark Gentry, in a mobile home park. The gist of the encounter is that the defendant accused the victim of being a snitch and warned the victim not

to testify in a murder prosecution against another man, Willie Hawkins. When the victim began to walk away, the defendant struck him, knocked him to the ground, and kicked and beat him, breaking some of the victim's ribs and the bone around his eye socket.

The defendant did not appear in court for his alternative sentencing hearing, and the court conducted the hearing *in absentia*. At the hearing, the defendant's counsel said, "I don't think he would have made straight [p]robation because of his prior record and the injuries that the victim suffered in this case, but I was going to shoot for the Hay House."[1]

The presentence report filed in this case shows that the 22-year-old defendant had garnered the following prior criminal record: public intoxication (2003); possession of a Schedule IV controlled substance (2003); disorderly conduct (2003); hunting without a license (2003); driving on a suspended driver's license (2003); auto burglary (2002); theft (2002); possession of less than one-half ounce of marijuana (2002); possession of drug paraphernalia (2002); altering or forging title documents (2002); inciting to riot (2001); illegal possession of an intoxicating beverage (2 convictions) (2001); and felony escape (1999). Additionally, the defendant's juvenile court history included adjudications of delinquency for theft (1998); escape (1997); auto theft (1995); assault (1994); and criminal impersonation (1994). During the defendant's extensive history with juvenile and criminal courts, the courts have twice revoked the defendant's placement on probation.

On appeal, the defendant claims that the trial court erred by requiring the defendant to demonstrate his fitness for alternative sentencing and, in any event, erred in basing its denial of alternative sentencing upon the defendant's failure to appear at the sentencing hearing.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appellant. *Id.* In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. *Id.* If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, even if we would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing and after determining the defendant's sentencing range and length of sentence, then determines the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the

---

[1] The John R. Hay House is a community treatment program.

criminal conduct involved; (5) the evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-210(a), (b) (2003); *id.* § 40-35-103(5) (1990); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2003). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation, shall be given first priority regarding sentences involving incarceration." *Id.* § 40-35-102(5). Thus, a defendant who meets the above criteria is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. However, the Act does not provide that all offenders who meet the criteria are entitled to such relief; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

In that regard, the defendant, a Range I offender, enjoyed the presumption of favorable candidacy for alternative sentencing for his Class C and D felonies. *See* Tenn. Code Ann. § 40-35-102(6) (2003). Moreover, he was eligible for probation. *See id.* § 40-35-306(2). The record in this case, however, demonstrates that the presumption of favorable candidacy was soundly rebutted by the defendant's history of repeated lawless behavior, *see id.* § 40-35-103(1)(A) (confinement may be based on necessity to "protect society by restraining a defendant who has a long history of criminal conduct"), and his history of probation revocation, *see id.* § 40-35-103(1)(C) (confinement may be based upon the fact that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant").

The defendant claims that the trial judge, in making his findings, said that the defendant failed to carry his burden of establishing entitlement to alternative sentencing. We do not glean this meaning, however, from the court's findings. The comment in question was preceded by the statement that "the court has considered all *probationary* factors, mainly relying upon the Defendant's prior record, the fact that he failed to appear." (Emphasis added.) The judge then said, "[H]e's failed to carry his burden of proof." Earlier in the dialogue with defense counsel, the judge said, "[E]ven though the Defendant's not present[,] he does have the presumption of [p]robation." Thus, the court's comments about the defendant's burden appear to relate to the defendant's burden of proving entitlement to probation, which does rest upon the defendant. *See id.* § 40-35-303(b).

As for the trial court's rationale for denying alternative sentencing, it is clear from the record that the court relied primarily upon the defendant's prodigious record of offending. The judge explicitly noted that the defendant's prior criminal record was the primary basis for denying alternative sentencing. At one point, the judge said, "He just has a bunch of cases, has a variety of

prior convictions. It's amazing how he could build that much record at age 22. . . . His prior record would be of great weight."

The record supports the trial court's finding of a significant criminal history and the court's reliance upon that history when denying alternative sentencing options. *See id.* § 40-35-103(1)(A). Furthermore, upon our *de novo* review, we notice that the defendant's prior record of violating probation also justifies a denial of alternative sentencing. *See id.* § 40-35-103(1)(C). Thus, we discern no reversible error and affirm the judgments of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE