# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 2, 2010

## STATE OF TENNESSEE v. BOBBY HUGHLETT

**Direct Appeal from the Circuit Court for Tipton County**
**No. 6510      Joe H. Walker, III, Judge**

**No. W2010-01048-CCA-R3-CD  - Filed February 15, 2010**

The defendant, Bobby Hughlett, appeals from the trial court's denial of any form of alternative sentencing, including probation. The defendant entered pleas of *nolo contendere* to attempted aggravated robbery and robbery, both Class C felonies. The defendant was given an agreed sentence of ten years for each count, to run concurrently, as a persistent offender, with a 45% release eligibility date. The defendant contends that the court abused its discretion in denying him an alternative sentence, including probation, and erred in finding the defendant was on probation at the time of committing these offenses. After review, we affirm the sentences imposed by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JERRY L. SMITH, J., joined.

Gary Antrican, District Public Defender, and David S. Stockton, Assistant Public Defender, for the appellant, Bobby Hughlett.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Kim Linville and Billy Burk, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

According to the defendant's confession, he had smoked about a quarter-ounce of crack cocaine when he decided to rob the local Walmart store. When he told the cashier that he wanted all the money, she responded that she could not open the register unless a purchase was made. He became frustrated and left the store. Outside, he saw a woman walking with a purse, which he snatched, and then fled. A passerby ran him down and held him until the

police arrived. The cashier was told by the defendant that he had a gun. Based upon this conduct, the defendant was charged with attempted aggravated robbery of the Walmart cashier and robbery of the woman carrying the purse.

The defendant entered pleas of *nolo contendere* to both counts and received an agreed sentence of ten years on each count, to be served concurrently, as a persistent offender with a 45% release eligibility date. The manner of service was to be determined after a sentencing hearing.

At the sentencing hearing, the State relied upon the presentence report and did not call any witnesses. The defendant called his brother to testify that he would provide help and support for the defendant if the court saw fit to place the defendant on probation. His brother acknowledged that the defendant was addicted to drugs but stated that the defendant did not wish to be in any more trouble and opined that the defendant would be able to stay away from drugs.

The defendant testified that he had been released upon his own recognizance from general sessions court and voluntarily went to the Serenity Recovery for inpatient treatment for his drug addiction. He was released on October 21, 2009, and the sentencing hearing was being held on April 16, 2010. The defendant stated that he had not been on drugs since his arrest in this case. The defendant acknowledged that some fifteen to sixteen years ago he had developed a criminal history due to drug addiction.

The trial court filed an order denying the defendant any type of alternative sentence, including probation, and sentencing the defendant instead to the Tennessee Department of Correction. In the order, the trial court found that the defendant was on probation at the time of the commission of these felony offenses; had a long history of criminal convictions; had been tried on probation without success; continued to persist in illegal behavior; and, because of his past multiple convictions and prior failed attempts on release and the seriousness of the offense, was not suitable for alternative sentencing in this case.

Analysis

The defendant contends that the trial court abused its discretion in denying the defendant an alternative sentence, including probation. Particularly, the defendant complains that the trial court erred in finding that the defendant was on probation at the time of the offenses. The State counters, stating that no findings by the trial court were made in error and that the defendant failed to establish that he was a suitable candidate for probation.

When there is a challenge to the length, range, or manner of service of a sentence, this

court must conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2006). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." *Id.*

In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. *Id.* In conducting a *de novo* review, this court must consider:

(1) The evidence, if any, received at the trial and sentencing hearing;
(2) The presentence report;
(3) The principles of sentencing and arguments as to sentencing alternatives;
(4) The nature and characteristics of the criminal conduct involved;
(5) Evidence and information offered by the parties on enhancement and mitigating factors in sections 40-35-113 and 40-35-114; and
(6) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210 (2006); *see also Ashby,* 823 S.W.2d at 168.

A defendant is eligible for probation if the actual sentence imposed is ten years or less and the offense for which the defendant is sentenced is not specifically excluded by statute. T.C.A. § 40-35-303(a) (2006). If a defendant seeks probation, then that defendant bears the burden of "establishing [his] suitability." T.C.A. § 40-35-303(b) (2006). Pursuant to recent amendments to our sentencing laws, no defendant is presumed to be a favorable candidate for alternative sentencing. *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (citing T.C.A. § 40-35-102(6) (2006)). Instead, a defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be *considered* as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(5), (6) (emphasis added).

In determining whether a defendant should receive some form of alternative sentencing, the following considerations provide guidance regarding what constitutes "evidence to the contrary."

(A) Confinement is necessary to protect society by restraining a defendant

who has a long history of criminal conduct;

(B)    Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C)    Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1) (2006); *see also State v. Hooper,* 29 S.W.3d 1, 5 (Tenn. 2000). As with other sentencing issues, whether a defendant receives alternative sentencing will depend on the facts of the case. *State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). In addition, a trial court is "not bound" by the advisory sentencing guidelines; rather, it "shall consider" them. T.C.A. § 40-35-102(6). In determining whether to grant or deny probation, the trial court may consider the following: the circumstances of the offense; the defendant's criminal record, background and social history; the defendant's physical and mental health; the deterrent effect on other criminal history; the defendant's potential for rehabilitation or treatment; and the likelihood that probation is in the best interests of both the public and the defendant. *See, e.g., State v. Hooper,* 29 S.W.3d 1, 10 (Tenn. 2000); *State v. Parker,* 932 S.W.2d 945, 959 (Tenn. Crim. App. 1996).

This defendant has a long history of criminal convictions and has been released into the community on several occasions without success. As noted in the trial court's order, the defendant was paroled in 1988, and revoked; paroled in 1989, and revoked; paroled in 1990, and revoked; paroled in 1993, and absconded from custody; and paroled in 1994, and revoked. This defendant has four prior convictions for robbery and convictions for aggravated robbery, attempted robbery, sexual battery, theft, and burglary. This record alone would be sufficient for the trial court to deny the defendant alternative sentencing upon the finding that confinement is necessary to protect society from a defendant who has a long history of criminal conduct.

As to the defendant's argument that the trial court erred in its finding that the defendant was on probation, rather than parole, when he committed these offenses, we agree with the State that this argument must fail. The presentence report shows the defendant received a three-year sentence for robbery on February 14, 2008, and also received an eight-year sentence for aggravated robbery on July 17, 2003. The record reflects that the instant offenses, which were committed on May 6, 2009, were, in fact, committed while the defendant was on parole for two prior offenses rather than probation. However, for the purposes of determining whether the defendant is a suitable candidate for an alternative sentence, the fact that the defendant was on parole, instead of probation, is a distinction without a difference.

Conclusion

-4-

The defendant has failed to show that he was a suitable candidate for any alternative sentence, including probation. The trial court properly ordered the defendant to serve his sentence in confinement. We affirm the sentences as imposed by the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE